WEBSTER–TAPPER CO. *vs.* EASTERN HAY COMPANY.

JULY 8, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Statute of Frauds.   Sales.   Custom.*

Whatever may have been the conduct of a buyer, in respect to waiving the
defence of the statute of frauds as to past contracts of sale between the
parties, and whatever may have been the conduct of others in the same trade
in conducting their transactions orally without regard to the statutes of
frauds of the various states, a buyer is not thereby precluded from interpos-
ing this defence as to any specific transaction.

ASSUMPSIT.   Heard on exceptions of plaintiff and over-
ruled.

SWEETLAND, J.   This is an action of the case in assumpsit.
The declaration is in two counts.   The first count alleges
that the defendant contracted to purchase from the plain-
tiffs, and the plaintiffs contracted to sell to the defendant,
ten carloads of oats; that the defendant neglected and refused
to take and pay for the oats in accordance with the contract;
that the plaintiffs were obliged to sell the oats, on account
of the defendant, at the best obtainable price; and that by
reason of the premises the plaintiffs have suffered a loss of
one thousand five hundred and twelve dollars and five cents
with interest thereon.   The second count alleges a claim
for rebate from the defendant on freight allowances in other
transactions entirely separate from that alleged in the first
count.   The defendant pleaded the general issue and the
statute of frauds.

The cause was tried before a justice of the Superior Court
sitting with a jury.   At the trial the defendant submitted
to judgment for the plaintiffs upon the second count of the
declaration in the sum of two hundred and six dollars and
twenty-six cents.   At the close of the evidence the justice
presiding directed a verdict for the defendant upon the
first count of the declaration.   The case is before us upon
the plaintiff's exception to the direction of a verdict upon

the first count and upon certain exceptions to the rulings of said justice made at the trial.

The question raised by all but one of these exceptions is as to whether the defendant has waived the right to urge the statute of frauds in defence of the first count, by reason of his conduct in previous transactions between the parties, and by reason of a custom existing among persons engaged in the grain trade.

The contract which the plaintiffs set up to establish their first count was an oral one. The Rhode Island statute of frauds which bears upon the case is Section 4, Chap. 261, Gen. Laws, 1909, as follows: "Sec. 4. (1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.

"(2) The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time, or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.

"(3) There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

The defendant pleaded this statute in defence. For the purpose of showing a waiver of the statute, in regard to the

transaction in question, the plaintiffs sought to introduce in evidence the fact that for a number of years oral contracts (1) had been made between the parties for the sale of grain, amounting in each case to the value of over five hundred dollars, and the defendant had always paid to the plaintiffs the amount due upon said contracts and had never refused to recognize his liability upon said contracts on the ground that they were oral. The plaintiffs also for the same purpose sought to introduce testimony of a custom among dealers in grain throughout the country of conducting their transactions orally without regard to the statutes of frauds of the various states. The justice presiding excluded each of these lines of testimony. There was no error in those rulings.

A person may if he sees fit waive the defence of the statute of frauds as to a specific transaction or as to each one of a series of transactions, and may recognize his obligation upon oral contracts where no suit has been brought. Neither is he obliged to make that defence if an action is commenced against him. Also the members of a certain trade may generally adopt that course. It is probably true that the great bulk of the business dealings between men, as to which the statute of frauds applies, is carried on without reference to it. This, however, does not affect the operation of the statute. None of the cases, which the plaintiffs have cited, supports their contention. The statute by its terms sets forth the conduct by which the buyer may be bound without a note or memorandum in writing signed by him or his agent. Whatever may have been his conduct with reference to other transactions with the seller, and whatever may have been the conduct of others, in transactions as to which such persons have not desired to raise the defence of the statute, a buyer is not thereby precluded from interposing this defence as to any specific transaction.

There is no merit in the plaintiffs' other exception to the admission of testimony, and it needs no discussion.

The plaintiffs' exceptions are all overruled and the case is remitted to the Superior Court for the entry of judgment for the plaintiffs for the sum of $206.26 upon the second count of the declaration.

*Murdock & Tillinghast, John A. Tillinghast,* for plaintiff.
*Harvey H. Pratt,* of Boston, of counsel.
*William S. Flynn,* for defendant.